United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK F. BRIGGS,

        Plaintiff,

   v.

STEVE FREITAS, et al.,

        Defendants.

Case No. 16-cv-07049-MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, an inmate at the Sonoma County Jail proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

# ANALYSIS

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In the portion of the court's form complaint where the inmate is to write his statement of the claim, plaintiff wrote:

> On 10/13/16 D/O H. Paulson violated my civil rights by subjecting myself and others to Mass Punishment. D/O H. Paulson also violated my rights to Due Process by taking our O.C.A. from us without a Rule Violation Reports or a finding of guilt to said rule violation.
>
> D/O H. Paulson also violated my "Due Process" rights by denying me a grievance when asked for one, so as I could utilize the Grievance Procedure set in place by the Institution's Title 15 rules and regulations of prisoners!

Compl. at 3.

The Court cannot discern what facts plaintiff is basing his claims on. Plaintiff's allegations fail to state clearly what happened, when it happened, what defendants did, and how those actions or inactions rise to the level of a federal constitutional violation. This case cannot proceed without more information. Plaintiff shall be granted leave to amend to attempt to cure these deficiencies.

In amending his complaint, plaintiff is advised that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g.*, *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to pleading policy or custom for claims against

local government entities); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Regarding plaintiff's due process claim, interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs). A state may not impose such changes without complying with minimum requirements of procedural due process. *Id.* at 484.

Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *Id.* at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Here, plaintiff does not allege that he was denied a liberty of "real substance." While he alludes to deprivation of "O.C.A." and subjection to "mass punishment," he does not explain what O.C.A. is or offer any details as to what the mass punishment entailed.

Finally, plaintiff is advised that there is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Within **thirty (30)** days from the date of this order, plaintiff must file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 16-7049 MEJ (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: March 22, 2017

MARIA-ELENA JAMES
United States Magistrate Judge